OPINION JUDGMENT ENTRY
{¶ 1} Appellant Richard Etto appeals the decision of the Court of Common Pleas, Stark County, which granted summary judgment in favor of Appellee Alliance Tubular Products in a workers' compensation administrative appeal. The relevant facts leading to this appeal are as follows.
 {¶ 2} Appellant was employed by appellee from 1968 until 2001. During his employment, appellant was allegedly exposed to asbestos and asbestos-containing products in appellee's facilities. On February 11, 2002, appellant filed a workers' compensation claim for the occupational disease of asbestosis. Appellant's claim was denied by appellee (a self-insured employer), and appellant thereupon appealed to the Ohio Industrial Commission. The hearing officer found that appellant had failed to produce the necessary evidence required to obtain an examination by a state specialist. Appellant thereafter filed an appeal therefrom to a staff hearing officer of the Industrial Commission. The staff hearing officer found appellant had failed to satisfy the evidentiary requirement set forth in Industrial Commission Resolution R 96-1-01 to warrant an examination by a state specialist. The staff hearing officer inter alia concluded: "Specifically, the applicant has failed to present pulmonary function studies or a report causally relating the development of the claimant's alleged occupational disease to his employment with this employer."
 {¶ 3} After a final unsuccessful administrative appeal, appellant then appealed the decision of the Industrial Commission to the Stark County Court of Common Pleas. The court set the following timeline in its pre-trial order: Dispositive Motions — 4-16-03; Responses — 4-30-03; Replies — 5-7-03. Neither party objected to said pre-trial order.
 {¶ 4} On April 16, 2003, appellee filed a motion for summary judgment. Appellee therein essentially argued that it was entitled to judgment as a matter of law due to the fact that appellant had not attended a medical examination by a state specialist. However, appellant did not file a brief in opposition to the motion for summary judgment until May 5, 2003. On May 7, 2003, the trial court issued a judgment entry granting summary judgment in favor of appellee.
 {¶ 5} On May 13, 2003, appellant filed a motion for relief from judgment as to the summary judgment order. The court denied same, noting appellant could have filed a motion for extension as to its untimely response brief of May 5, 2003.
 {¶ 6} On June 6, 2003, appellant filed a notice of appeal regarding both the granting of appellee's motion for summary judgment and the denial of appellant's motion for relief from judgment. He herein raises the following two Assignments of Error:
 {¶ 7} "I. Plaintiff is not required to submit to a medical examination with a state medical specialist until after the right to participate in the workers' compensation system is established by the trier of fact.
 {¶ 8} "II. The trial court committed prejudicial error by depriving richard etto of his right to due process as guaranteed by the united states and ohio constitutions when it granted defendant-appellee's motion for summary judgment and denied plaintiff's motion for relief from judgment.
 I. {¶ 9} In his First Assignment of Error, appellant argues the trial court erred in granting summary judgment to appellee based on the statutory requirements of R.C. 4123.68(Y). We disagree.
 {¶ 10} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36. As such, we must refer to Civ.R. 56 which provides, in pertinent part: "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * *" A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421, 429, citing Dresher v.Burt (1996), 75 Ohio St.3d 280.
 {¶ 11} The relevant statute, R.C. 4123.68(Y), reads in pertinent part as follows:
 {¶ 12} "* * * Before awarding compensation for disability or death due to silicosis, asbestosis, or coal miners' pneumoconiosis, the administrator shall refer the claim to a qualified medical specialist for examination and recommendation with regard to the diagnosis, the extent of disability, the cause of death, and other medical questions connected with the claim. An employee shall submit to such examinations, including clinical and x-ray examinations, as the administrator requires. In the event that an employee refuses to submit to examinations, including clinical and x-ray examinations, after notice from the administrator, or in the event that a claimant for compensation for death due to silicosis, asbestosis, or coal miners' pneumoconiosis fails to produce necessary consents and permits, after notice from the commission, so that such autopsy examination and tests may be performed, then all rights for compensation are forfeited. The reasonable compensation of such specialist and the expenses of examinations and tests shall be paid, if the claim is allowed, as a part of the expenses of the claim, otherwise they shall be paid from the surplus fund."
 {¶ 13} It is well-established that "Courts of Common Pleas do not have inherent jurisdiction in workmen's compensation cases but only such jurisdiction as is conferred on them under the provisions of the Workmen's Compensation Act." See Jenkins v. Keller (1966),6 Ohio St.2d 122, paragraph 4 of syllabus. Appellant herein first directs us to R.C. 4123.512(A), which reads in pertinent part that "[t]he claimant or the employer may appeal an order of the industrial commission made under division (E) of section 4123.511 of the Revised Code in any injury or occupational disease case, other than a decision as to the extent of disability to the court of common pleas of the county in which the injury was inflicted * * *." Appellant thus points out the existence of a "right to participate" and "extent of disability" dichotomy in Ohio workers' compensation law; i.e., that a claimant must first establish a right to participate, at which point the Industrial Commission is vested with the sole responsibility of determining the extent of disability and an award of compensation. In light of this dichotomy, appellant urges, a state specialist examination under R.C. 4123.68(Y) is only required before the Industrial Commission awards compensation for disability based on asbestosis, not before the right to participate is determined by a common pleas court. See Appellant's Brief at 11-12.
 {¶ 14} While we are cognizant that Ohio's workers' compensation statutes must be construed in favor of the claimant and/or his dependents, (see Mullins v. Whiteway Manufacturing Co. (1984),15 Ohio St.3d 18), we are unpersuaded by appellant's arguments in this regard. A "right to participate" signifies the finalization of an allowance or disallowance of an employee's workers' compensation claim by the commission. State ex rel. Romans v. Elder Beerman Stores, Franklin App. No. 02AP-283, 2002-Ohio-6749, ¶ 3, citing State ex rel. Evans v.Indus. Comm. (1992), 64 Ohio St.3d 236, paragraph one of the syllabus. The plain language of the last sentence of R.C. 4123.68(Y), which directs compensation for the specialist "if the claim is allowed," reveals to us that the statutory specialist examination is part of the claim allowance or "right to participate" process, not something that is meant to take place after the claim has been deemed compensable. Furthermore, particularly in light of the "diagnosis" phraseology in R.C. 4123.68(Y), as appellee notes in its reply, the statutory process of determining whether a claimant has indeed been diagnosed with asbestosis is irrelevant if the examination were to take place after the claimant has been granted a compensable claim.
 {¶ 15} Appellant secondly contends, in regard to appellee's burden as the movant in the summary judgment motion, that the record is devoid of any correspondence or referral orders directing appellant to an examination with a state specialist. However, in order for an employee to obtain such a referral, Industrial Commission Adjudicatory Resolution No. R-96-1-01 requires that the claimant must, at a minimum, proffer the following: (1) a written interpretation of x-rays by a certified "B reader"; (2) pulmonary function studies and interpretation by a licensed physician; and (3) an opinion of causal relationship by a licensed physician. An affidavit submitted by Alliance Tubular employee Richard Giannini includes the following: "* * * [O]n June 22, 2002, the District Hearing Officer made and mailed his decision, attached hereto * * * stating that [Etto] had failed and/or refused to produce the necessary information and consents required to obtain an examination by a state specialist (namely, a pulmonary functions test and statement of a physician) and, thus, [Etto's] Claim was denied by the Industrial Commission." The record further reveals appellant was represented by experienced counsel throughout the case, and we find no indication that the R-96-1-01 requirements were unknown to appellant or his attorneys. Therefore, we find upon review of the record that reasonable minds could only conclude that appellant had effectively refused to submit to a state specialist examination by declining to comply with R-96-1-01, thereby failing to exhaust his administrative remedies. See, also, Cooper v.Dayton (1997), 120 Ohio App.3d 34, 38.
 {¶ 16} We thus find no error in the grant of summary judgment in favor of appellee in this matter. Appellant's First Assignment of Error is overruled.
 II. {¶ 17} In his Second Assignment of Error, appellant contends the trial court's grant of summary judgment and denial of appellant's request for relief from judgment deprived him of his right to due process. We disagree.
 {¶ 18} Appellant directs us to Stark County Local Rule 10.01, which reads in pertinent part: "Motions for summary judgment taken pursuant to Civil Rule 56 will be set for hearing and briefs will be due as required by Civil Rule 56(C)." Appellant argues that the trial court erred in granting summary judgment without permitting appellant to avail himself of the briefing time guidelines of Local Rule 10.01 and Civ.R. 56(C). Both parties in the case sub judice commendably analyze the various intricacies of the applicable local and civil rules regarding this issue. However, "[i]t is an elementary proposition of law that an appellant, in order to secure reversal of a judgment against him, must not only show some error but must also show that that error was prejudicial to him." Ames v. All American Truck Trailer Service (Feb. 8, 1991), Lucas App. No. L-89-295, quoting Smith v. Flesher (1967),12 Ohio St.2d 107, 110, 233 N.E.2d 137. See, also, App. .R. 12(D). An appellate court, as recognized in Smiddy, supra, reviews summary judgment issues de novo. In the case sub judice, appellant filed its response in opposition to appellee's summary judgment motion on May 5, 2003, and it remains part of the record which we have herein reviewed. In light of our conclusions in the First Assignment of Error following a de novo review, we are unpersuaded that the alleged procedural errors cited by appellant warrant further review or would be remedied by a remand to the trial court.
 {¶ 19} Similarly, as appellant's motion for relief from judgment was directed at the same judgment entry as is now under appeal, the doctrine of law of the case would prohibit the trial court upon remand from altering the grant of summary judgment under the circumstances of the case sub judice. See, e.g., Nolan v. Nolan (1984), 11 Ohio St.3d 1: "* * * [T]he decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels. * * *
 {¶ 20} Accordingly, appellant's Second Assignment of Error is overruled.
 {¶ 21} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Stark County, Ohio, is affirmed.
Wise, J., Farmer, P.J., and Edwards, J., concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
Costs to appellant.