DECISION AND JOURNAL ENTRY
{¶ 1} Appellant-plaintiff, Buddy Esters, appeals the judgment of the Summit County Court of Common Pleas granting summary judgment in favor of Appellee-defendant, Daimler Chrysler Corporation. We affirm.
 I. {¶ 2} Appellant worked for Appellee from approximately 1964 through 1994. Appellant alleged that during that period he was exposed to asbestos and asbestos-containing products during the performance of his job. Appellant alleges that as a result of this exposure, he contracted asbestosis. Appellant filed a workers' compensation claim seeking benefits for the alleged occupational disease which was rejected by Appellee. The Ohio Bureau of Workers' Compensation ("BWC") referred the claim to the Industrial Commission of Ohio ("Commission") for adjudication. Both a district hearing officer and a staff hearing officer disallowed the claim because Appellant failed to meet the minimum evidence requirements established by Industrial Commission of Ohio Resolution 96-1-01. Resolution 96-1-01 requires in the case of asbestosis that the claimant produce x-rays interpreted by a "B reader" and pulmonary functions studies interpreted by a physician, and a physician must present evidence of the causal connection between exposure and the disease. Appellant only provided the required x-ray and no other evidence. Appellant's subsequent appeal to the Commission was denied because no new evidence was presented. Appellant then filed a notice of appeal and complaint in the Summit County Court of Common Pleas pursuant to R.C. 4123.512. The complaint named Appellee and the BWC as defendants. Appellee then filed a motion for summary judgment asserting that the trial court lacked jurisdiction to hear the appeal because Appellant had failed to comply with the administrative requirements of the BWC and Commission. The trial court granted Appellee's motion for summary judgment and dismissed the case. Appellant timely appealed, raising three assignments of error.
 II. ASSIGNMENT OF ERROR NUMBER ONE
"The trial court erred as a matter of law when it granted defendant's motion for summary judgment based upon a finding that plaintiff failed to exhaust administrative remedies[.]"
 ASSIGNMENT OF ERROR NUMBER TWO
"The trial court erred as a matter of law in this workers' compensation matter when it granted defendant employer's motion for summary judgment based upon a finding that a plaintiff employee cannot appeal to the court of common pleas from a denial of the claim by the industrial commission of ohio without first submitting to a state specialist examination, even though there is no other remedy available[.]"
 ASSIGNMENT OF ERROR NUMBER THREE
"The trial court erred as a matter of law when it granted defendant employers' (sic) motion for summary judgment based solely upon a finding that plaintiffs (sic) employees did not attend an examination by a state medical specialist even though no such exam was scheduled by the state[.]"
 {¶ 3} As an initial matter, we note that these claims all involve whether the trial court erred in granting summary judgment, so they will be addressed together.
 {¶ 4} The appropriate standard of appellate review for a grant of summary judgment is de novo. Grafton v. Ohio EdisonCo. (1996), 77 Ohio St.3d 102, 105. Therefore, this Court will only affirm if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Civ. R. 56(C). It must appear that reasonable minds can reach but one conclusion, and that conclusion is adverse to the nonmoving party even after all doubt is resolved in favor of the nonmoving party. Id.
 {¶ 5} In the instant case, the parties do not dispute the relevant facts. However, they disagree on the proper application of the Revised Code section regarding the referral of Appellant to a qualified medical specialist by the administrator and whether they are barred from participating in the Workers' Compensation Fund because no such referral was ever made. As such, this Court need only determine whether Daimler Chrysler was entitled to summary judgment.
 {¶ 6} The Industrial Commission of Ohio was created by R.C.4121.02. The Commission is responsible for "[e]stablishing the overall adjudicatory policy and management of the commission under this chapter and Chapters 4123., 4127., and 4131. of the Revised Code[.]" R.C. 4121.03 (E)(1). Under its statutory authority, the Commission adopted Resolution 96-1-01.[1]
See Anders v. Powertrain Division, GMC, 3rd Dist. Nos. 4-03-16 to 4-03-47, 2004-Ohio-2469, at ¶ 17. The Resolution states as follows:
"WHEREAS, pursuant to Section 4121.03(F) of the Ohio Revised Code, the Industrial Commission is responsible for the establishment of the adjudicatory policy under this chapter and Chapters 4123., 4127., and 4131. of the Ohio Revised Code; and
"WHEREAS, pursuant to the provisions of Section 4123.68 of the Ohio Revised Code, before awarding compensation for disability or death due to silicosis, asbestosis, coal miners pneumoconiosis, or any other occupational disease of the respiratory tract resulting from injurious exposure to dust, the Administrator is to refer the claim to a qualified medical specialist for examination and recommendation with regard to diagnosis, extent of disability, or other medical questions connected with the claim; and
"WHEREAS, questions have arisen regarding the nature of the medical evidence necessary in order to be submitted by the claimant pursuing a claim for an occupational disease of the respiratory tract resulting from injurious exposure to dust, under the provisions of Section 4123.68 of the Ohio Revised Code, prior to the referral of the claim to the Administrator for an examination by a qualified medical specialist.
"THEREFORE BE IT RESOLVED that it is the policy of the Industrial Commission that at a minimum the following evidence is necessary to be submitted by the claimant prior to the referral of the claim to the Administrator for an examination by a qualified medical specialist pursuant to the provisions of Section 4123.68 concerning claims for occupational diseases of the respiratory tract resulting from injurious exposure to dust:
. A written interpretation of x-rays by a certified "B reader."
. Pulmonary functions studies and interpretation by a licensed physician.
. An opinion of causal relationship by a licensed physician."
 {¶ 7} In addition to the above Resolution, Chapter 4123 of the Revised Code provides a comprehensive scheme for workers' compensation, including occupational diseases. R.C. 4123.68. This scheme has a distinct administrative process. The process begins by filing a claim with the BWC, which investigates the matter and determines whether compensation is justified. R.C. 4123.511. This ruling may then be appealed to a Commission District Hearing Officer. R.C. 4123.511(B)(3). The District Hearing Officer's decision may then be appealed to Staff Hearing Officer. R.C.4123.511(C-D). In turn, the Staff Hearing Officer's decision may be appealed to the Commission.
 {¶ 8} The Revised Code then allows the claimant to appeal an order of the Commission, other than a decision on the extent of the disability, to the proper court of common pleas. R.C.4123.512(A). The Ohio Supreme Court has interpreted the above code section to mean that a court may only determine whether a claimant has a right to participate or continue to participate in the Workers' Compensation Fund. State ex rel. Liposchak v.Indus. Comm. (2000), 90 Ohio St.3d 276, 279. We note that the hearing before the court of common pleas is de novo. Oswald v.Connor (1985), 16 Ohio St.3d 38, 42. Therefore, in reaching a conclusion, a trial court is obliged to disregard the decision and rationale of the Commission. Iiams v. Corporate Support,Inc. (1994), 98 Ohio App.3d 477, 479. It is with this basic framework that we decide the issues concerning the asbestosis claim presently before us.
 {¶ 9} Ordinarily, asbestosis claims are compensable occupational diseases. R.C. 4123.68(AA). However, asbestosis claims must be referred to a qualified medical specialist before compensation can be awarded. R.C. 4123.68(Y). This examination is mandatory. See Anders, 2004-Ohio-2469, at ¶ 15. Failure to submit to the examination results in a forfeiture of all compensation. R.C. 4123.68(Y).
 {¶ 10} The long period between initial contact with asbestos and its apparent effect and the difficulty in determining that the exposure is the cause of the disease gives rise to the need for an examination by a medical specialist. Anders,2004-Ohio-2469, at ¶ 16, citing Goldman v. Johns-Manville Corp.
(June 30, 1986), 6th Dist. No. L-85-016. In light of this difficulty and the sheer volume of asbestosis claims, the Commission adopted Resolution 96-1-01, requiring the three items of evidence mentioned supra. Anders, 2004-Ohio-2469, at ¶ 17. The interplay between this Resolution and R.C. 4123.68(Y) is the center of the dispute between the parties.
 {¶ 11} There is no dispute that Appellant did not provide the items of evidence required by Resolution 96-1-01 at any time, including to the Court of Common Pleas, despite being informed that these items were mandatory before a referral to a specialist would be made. As such, Appellant provided very little to the Commission to support his claim, despite numerous opportunities. This willful derogation of the administrative process is contrary to the purpose of the provided administrative proceedings.Hanley v. Daimler Chrysler Corp. 6th Dist. No. WD-03-084, 2004-Ohio 4279, at ¶ 30. We agree with our sister Courts that, "[g]iven the condition precedent to a determination of whether a claimant is entitled to participate in the fund, i.e. a qualified medical specialist examination, the appellant['s] failure to submit these items necessary to obtain this examination, and the purpose and function of the workers' compensation scheme," the trial court did not err in granting summary judgment in favor of Appellee. Anders, 3rd Dist. Nos. 4-03-16 to 4-03-47,2004-Ohio-2469, at ¶ 24. See also, Hanley v. Daimler ChryslerCorp., 6th Dist. No. WD-03-084, 2004-Ohio-4279; Etto v.Alliance Tubular Products, 5th Dist. No. 2003CA00202, 2004-Ohio-3486 (both affirming grants of summary judgment on the same facts presented to this Court). Reasonable minds could only conclude that Appellant effectively refused to submit to a State specialist as required by R.C. 4123.68(Y) by declining to comply with R-96-1-01, making summary judgment on the issue of Appellant's right to participate in the Worker's Compensation Fund appropriate. Etto, 2004-Ohio-3486, at ¶ 15.
 {¶ 12} Accordingly, Appellant's three assignments of error are overruled.
 III. {¶ 13} Appellant's assignments of error are overruled, and the judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Slaby, P.J., Batchelder, J., concur.
[1] At the time of the adoption of the Resolution, February, 1996, the Commission's authority stemmed from R.C. 4121.03(F), which is no longer in existence. However, the same authority is now codified under R.C. 4121.03(E).