DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Earl Davis, appeals from the decision of the Summit County Court of Common Pleas that granted summary judgment. We affirm.
 I. {¶ 2} Mr. Davis commenced his employment with Daimler Chrysler Corporation ("Daimler Chrysler") in Summit County, Ohio, in 1964. Mr. Davis asserts that in the course and scope of his employment with Daimler Chrysler he was exposed to asbestos. Mr. Davis filed a workers' compensation claim seeking benefits for the alleged contraction of the occupational disease of asbestosis, which Daimler Chrysler rejected. The Ohio Bureau of Workers' Compensation (the "BWC") referred the disputed claim to the Industrial Commission of Ohio (the "Industrial Commission"). A hearing was held before a district hearing officer ("DHO") on June 6, 2002, pursuant to which the DHO issued a decision that disallowed the claim. The DHO specifically found that Mr. Davis had not contracted an occupational disease in the course of his employment, and stated the following:
"[Mr. Davis] has failed to meet the minimum requirements as established by Industrial Commission Resolution R96-1-01 to warrant an examination by a state specialist.
"Specifically, the following has not been provided:
"Pulmonary functions studies with an interpretation by a licensed physician;
"An opinion of causal relationship by a licensed physician."
 {¶ 3} On June 18, 2002, Mr. Davis appealed the disallowance of his claim, which was heard by a staff hearing officer ("SHO") of the Industrial Commission on August 13, 2002. On August 15, 2002, the SHO affirmed the DHO's disallowance of the claim. Mr. Davis filed another appeal, which the Industrial Commission refused pursuant to R.C. 4123.511(E).
 {¶ 4} Mr. Davis then filed a notice of administrative appeal and complaint to the Summit County Court of Common Pleas pursuant to R.C. 4123.512. The complaint named the Administrator of the BWC and Daimler Chrysler as defendants. The BWC and Daimler Chrysler filed separate answers to the complaint.
 {¶ 5} Thereafter, Daimler Chrysler filed a motion for summary judgment, asserting that Mr. Davis failed to comply with the administrative requirements of the Industrial Commission Resolution 96-1-01. Mr. Davis failed to respond to this motion. The trial court granted summary judgment, concluding that Mr. Davis had in fact failed to exhaust the Industrial Commission's administrative process, and included the certifying language of Civ.R. 54(B) in its decision. In this order, the trial court also noted that the motion for summary judgment in the instant case was the first such motion filed in a series of factually identical workers' compensation asbestosis cases filed with the court, in which motions for summary judgment were also filed. The court stated, that, in the interests of justice and judicial economy, the summary judgment order issued in the instant case was to serve as a model for such other cases. It is from this order granting summary judgment that Mr. Davis now appeals.
 {¶ 6} Mr. Davis timely appealed, asserting four assignments of error for review. Because Mr. Davis' second, third, and fourth assignments of error involve similar questions of law and fact, we address them together.
 II. A. First Assignment of Error
"The trial court erred as a matter of law when it granted defendant Chrysler's motion for summary judgment based upon the trial court's taking judicial notice of the administrative proceedings because defendant Chrysler failed to comply with the requirements of ohio Civil Rule 56(C) AND (E) by attaching the administrative records of proceedings to defendant's motion for summary judgment."
 {¶ 7} In his first assignment of error, Mr. Davis contends that the trial court erred in considering the portions of the Industrial Commission record that he asserts were improperly before the trial court.
 {¶ 8} At the trial court level, the BWC, the other appellee-defendant in this suit, submitted certified and notarized copies of the administrative records of proceedings. These copies were made part of the record. We observe that Mr. Davis failed to raise any objection to this matter at the trial court level. "Generally, errors which arise during the course of the proceedings and are not brought to the attention of the trial court by objection, or otherwise, at the time they could be remedied, are waived and may not be reviewed on appeal."Robinson v. Springfield Local School Dist. Bd. Educ. (March 27, 2002), 9th Dist. No. 20606. Therefore, Mr. Davis has waived any claimed error in this regard, and he cannot now raise it on appeal. Accordingly, Mr. Davis' first assignment of error is overruled.
 B. Second Assignment of Error
"The trial court erred as a matter of law when it granted defendant's motion for summary judgment based upon a finding that plaintiff failed to exhaust administrative remedies[.]"
 Third Assignment of Error
"The trial court erred as a matter of law in this workers' compensation matter when it granted defendant employer's motion for summary judgment based upon a finding that a plaintiff employee cannot appeal to the court of common peas from a denial of the claim by the industrial commission of ohio without first submitting to a state specialist examination, even though there is no other remedy available[.]"
 Fourth Assignment of Error
"The trial court erred as a matter of law when it granted defendant employers' [sic] motion for summary judgment based solely upon a finding that plaintiffs [SIC] employees did not attend an examination by a state medical specialist even though no such exam was scheduled by the state."
 {¶ 9} In his second, third, and fourth assignments of error, Mr. Davis contends that the trial court erred in granting summary judgment. We disagree.
 {¶ 10} Appellate review of a lower court's entry of summary judgment is de novo, applying the same standard used by the trial court. McKay v. Cutlip (1992), 80 Ohio App.3d 487, 491. Pursuant to Civ.R. 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims. Dresher v. Burt (1996),75 Ohio St.3d 280, 293. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of his motion. Id.
 {¶ 11} Once this burden is satisfied, the nonmoving party has the burden, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. Id. The nonmoving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that shows a genuine dispute over the material facts exists.Henkle v. Henkle (1991), 75 Ohio App.3d 732, 735.
 {¶ 12} Pursuant to our decision in Esters v. DaimlerChrysler Corp., 9th Dist. No. 22030, 2004-Ohio-4586, we find that the trial court properly granted summary judgment in this case. In Esters, which involved a factually identical workers' compensation matter, this Court upheld the trial court's decision to grant summary judgment based upon the finding that the plaintiff-appellant in that case had not fully complied with Industrial Commission Resolution 96-1-01. In granting summary judgment, the trial court in Esters adopted and applied to Daimler Chrysler's motion in that case the order issued in the instant case with respect to Mr. Davis' asbestosis case. We apply and adopt our decision in Esters to the instant case, and accordingly conclude that the trial court did not err in granting summary judgment in this case. Mr. Davis' second, third, and fourth assignments of error are overruled.
 III. {¶ 13} Mr. Davis' assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Boyle, J., concurs.
Carr, P.J., dissents.