DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Leon Chaffee, appeals from the decision of the Summit County Court of Common Pleas that granted summary judgment in favor of Appellee, Daimler Chrysler Corporation. We affirm.
 I. {¶ 2} Appellant worked for Appellee in Twinsburg, Ohio in Summit County. Appellant asserts that in the course and scope of his employment with Appellee he was exposed to asbestos, and that as a result of this exposure he contracted asbestosis. Appellant filed a workers' compensation claim seeking benefits for the alleged contraction of asbestosis, which Appellee rejected. Appellee, the Ohio Bureau of Workers' Compensation (the "BWC"), referred the disputed claim to the Industrial Commission of Ohio (the "Industrial Commission"). In July 2002, a district hearing officer at the Industrial Commission disallowed Appellant's claim for insufficient evidence. In December 2002, a staff hearing officer affirmed the district hearing officer's decision due to lack of medical evidence. Thereafter, Appellant appealed the staff hearing officer's decision, which the Industrial Commission refused.
 {¶ 3} On March 5, 2003, Appellant filed a notice of administrative appeal and complaint in the Summit County Court of Common Pleas pursuant to R.C. 4123.512. Appellant's case is one of many factually identical workers' compensation asbestos cases filed in the common pleas court. The complaint named the Administrator of the BWC and Appellee as defendants. The BWC and Appellee filed separate answers to the complaint.
 {¶ 4} Thereafter, Appellee filed a motion for summary judgment, asserting that Appellant failed to comply with the administrative requirements of the Industrial Commission Resolution 96-1-01. Appellant responded to this motion. On February 25, 2004, the trial court granted summary judgment, incorporating by reference the rationale it articulated in a previously determined asbestos case, Davis v. Daimler ChryslerCo. (Jan. 23, 2004), Summit Cty. No. AC 2002-11-6366.[1]
In the instant case, the trial court noted that Appellant conceded in his response to the summary judgment motion that he had not complied with the requirements of Industrial Commission Resolution 96-1-01, and further concluded that Appellant "has yet to meet the threshold, ministerial qualification for merit determination of his claim before the Bureau of Workers['] Compensation."
 {¶ 5} Appellant appealed from this decision, assigning three errors. As all three assignments of error involve similar questions of law and fact, we address them together.
 II. ASSIGNMENT OF ERROR I
"The trial court erred as a matter of law when it granted defendant's motion for summary judgment based upon a finding that plaintiff failed to exhaust administrative remedies[.]"
 ASSIGNMENT OF ERROR II
"The trial court erred as a matter of law in this workers' compensation matter when it granted defendant employer's motion for summary judgment based upon a finding that a plaintiff employee cannot appeal to the court of common pleas from a denial of the claim by the industrial commission of ohio without first submitting to a state specialist examination, even though there is no other remedy available[.]"
 ASSIGNMENT OF ERROR III
"The trial court erred as a matter of law when it granted defendant employers' motion for summary judgment based solely upon a finding that plaintiffs [sic] employees did not attend an examination by a state medical specialist even though no such exam was scheduled by the state[.]"
 {¶ 6} In these assignments of error, Appellant contends that the court erred in granting summary judgment. This Court disagrees.
 {¶ 7} Appellate review of a lower court's entry of summary judgment is de novo, applying the same standard used by the trial court. McKay v. Cutlip (1992), 80 Ohio App.3d 487, 491. Pursuant to Civ.R. 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims. Dresher v. Burt (1996),75 Ohio St.3d 280, 293. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of his motion. Id.
 {¶ 8} Once this burden is satisfied, the nonmoving party has the burden, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. Id. The nonmoving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that shows a genuine dispute over the material facts exists.Henkle v. Henkle (1991), 75 Ohio App.3d 732, 735.
 {¶ 9} Pursuant to our decision in Esters v. Daimler ChryslerCorp., 9th Dist. No. 22030, 2004-Ohio-4586, we find that the trial court properly granted summary judgment in this case. InEsters, which involved a factually identical workers' compensation matter, this Court upheld the trial court's decision to grant summary judgment based upon the finding that the plaintiff-appellant in that case had not fully complied with Industrial Commission Resolution 96-1-01. In granting summary judgment, the trial court in Esters also adopted and applied to Appellee's motion in that case the order issued in Davis,
supra.
 {¶ 10} This Court applies and adopts our decision in Esters
to the instant case, and accordingly concludes that the trial court did not err in granting summary judgment in this case. Appellant's assignments of error are overruled.
 III. {¶ 11} Appellant's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Batchelder, J., Boyle, J., concur.
[1] In Davis, the trial court concluded that Appellant had failed to exhaust the Industrial Commission's administrative process as set forth in Resolution 96-1-01.