DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Denzil Wright, appeals from the judgment of the Lorain County Court of Common Pleas dismissing his complaint. This Court affirms.
 I. {¶ 2} Appellant was an employee of Appellee, Leggett Platt, Inc. Appellant alleges that during his employment with Appellee, he contracted asbestosis. As a result, Appellant filed a claim for workers' compensation. On March 31, 2003, a district hearing officer denied Appellant's claim finding that there was insufficient evidence to establish that Appellant indeed had asbestosis and insufficient evidence to establish a causal connection between the alleged condition and Appellant's employment. Appellant appealed that denial to a staff hearing officer. On May 30, 2003, the staff hearing officer vacated the decision of the district hearing officer and dismissed Appellant's claim. The staff hearing officer based his decision on the fact that Appellant had failed to provide the evidentiary materials required by Industrial Commission Resolution 96-1-01. Resolution 96-1-01 requires that claimants seeking compensation for asbestosis must provide x-rays interpreted by a "B reader," pulmonary functions studies interpreted by a physician, and evidence presented by a physician of the causal connection between exposure and the disease. Appellant only provided the x-rays required by the Resolution.
 {¶ 3} Appellant appealed the decision of the staff hearing officer to the Industrial Commission, and the Commission declined to hear the appeal. On August 22, 2003, Appellant filed his notice of appeal in the Lorain County Court of Common Pleas pursuant to R.C. 4123.512. On January 9, 2004, Appellee moved to have Appellant's appeal dismissed on the grounds that Appellant had failed to exhaust his administrative remedies. On February 13, 2004, the trial court dismissed Appellant's appeal finding that it lacked subject matter jurisdiction because the dismissal of Appellant's claim was not a final order appealable pursuant to R.C. 4123.512. Appellant timely appealed, raising one assignment of error.
 II. ASSIGNMENT OF ERROR
"The trial court erred in granting appellee leggett platt, incorporated's motion to dismiss[.]"
 {¶ 4} In his sole assignment of error, Appellant contends that the trial court erred in dismissing his administrative appeal. This Court disagrees.
 {¶ 5} An appellate court reviews a trial court's granting of a motion to dismiss pursuant to Civ.R. 12(B)(1) de novo. Thomasv. O'Connor (Mar. 22, 2000), 9th Dist. No. 19538. As an initial matter, we note that Appellant, while only asserting one assignment of error, has argued that the trial court erred in three distinct fashions. This Court will address each of Appellant's contentions in turn.
 {¶ 6} Appellant first contends that the trial court was in error when it found that the dismissal of his claim was not a final appealable order. This Court disagrees.
 {¶ 7} Pursuant to our decision in Esters v. Daimler ChryslerCorp., 9th Dist. No. 22030, 2004-Ohio-4586, this Court finds that the trial court did not err in dismissing Appellant's appeal. In Esters, which contained a factually identical claim, we upheld the trial court's grant of summary judgment against the claimant. The same reasoning applies in the instant case. As this Court stated in Esters, fulfilling the requirements of Resolution 96-1-01 is a condition precedent to a determination of whether a claimant is entitled to participate in the fund. Id. at ¶ 11. As such, Appellant's failure to provide these items precluded a determination of whether he was entitled to benefits. As such, the trial court was correct in its finding that the order of the Industrial Commission was not appealable because it did not determine Appellant's right to participate. See State exrel. Liposchak v. Indus. Comm. (2000), 90 Ohio St.3d 276, 279.
 {¶ 8} Appellant next argues that dismissal was improper because Resolution 96-1-01 is invalid because it adds requirements that are not contained in R.C. 4123.68. This Court finds that Appellant's contention lacks merit.
 {¶ 9} The Industrial Commission of Ohio was created by R.C.4121.02. The Commission is responsible for "[e]stablishing the overall adjudicatory policy and management of the commission under this chapter and Chapters 4123., 4127., and 4131. of the Revised Code[.]" R.C. 4121.03 (E)(1). Under its statutory authority, the Commission adopted Resolution 96-1-01.[1]
See Anders v. Powertrain Division, GMC (2004),157 Ohio App.3d 815, 822. The Resolution states as follows:
"WHEREAS, pursuant to Section 4121.03(F) of the Ohio Revised Code, the Industrial Commission is responsible for the establishment of the adjudicatory policy under this chapter and Chapters 4123., 4127., and 4131. of the Ohio Revised Code; and
"WHEREAS, pursuant to the provisions of Section 4123.68 of the Ohio Revised Code, before awarding compensation for disability or death due to silicosis, asbestosis, coal miners pneumoconiosis, or any other occupational disease of the respiratory tract resulting from injurious exposure to dust, the Administrator is to refer the claim to a qualified medical specialist for examination and recommendation with regard to diagnosis, extent of disability, or other medical questions connected with the claim; and
"WHEREAS, questions have arisen regarding the nature of the medical evidence necessary in order to be submitted by the claimant pursuing a claim for an occupational disease of the respiratory tract resulting from injurious exposure to dust, under the provisions of Section 4123.68 of the Ohio Revised Code, prior to the referral of the claim to the Administrator for an examination by a qualified medical specialist.
"THEREFORE BE IT RESOLVED that it is the policy of the Industrial Commission that at a minimum the following evidence is necessary to be submitted by the claimant prior to the referral of the claim to the Administrator for an examination by a qualified medical specialist pursuant to the provisions of Section 4123.68 concerning claims for occupational diseases of the respiratory tract resulting from injurious exposure to dust:
• A written interpretation of x-rays by a certified "B reader."
• Pulmonary functions studies and interpretation by a licensed physician.
• An opinion of causal relationship by a licensed physician."
Appellant contends that this Resolution adds requirements to R.C. 4123.68(Y) which states in pertinent part as follows:
"Before awarding compensation for disability or death due to silicosis, asbestosis, or coal miners' pneumoconiosis, the administrator shall refer the claim to a qualified medical specialist for examination and recommendation with regard to the diagnosis, the extent of disability, the cause of death, and other medical questions connected with the claim."
 {¶ 10} Administrative agencies cannot legislate by adding substantive requirements to statutes that already are in effect, but they may add procedural requirements in order to administer existing law. Amoco Oil Co. v. Petroleum Underground StorageTank Release Compensation Board (2000), 89 Ohio St.3d 477, 484. If the administrative action is one enacting a law it will be deemed invalid, but action meant to execute and administer an existing law is permissible. Donnelly v. Fairview Park (1968),13 Ohio St.2d 1, paragraph two of the syllabus. Further, "[w]here by statutory authority an administrative agency such as the Industrial Commission promulgates rules and regulations governing its activities and procedure, such rules are valid and enforceable unless they are unreasonable or in conflict with statutory enactments covering the same subject matter." State exrel. De Boe v. Industrial Comm'n (1954), 161 Ohio St. 67, paragraph one of the syllabus.
 {¶ 11} In carrying out its purpose to establish an adjudicatory policy, the Industrial Commission promulgated Admin. Code Rule 4121-3-09 which provides in pertinent part as follows:
"(A)(1) In every instance the proof shall be of sufficient quantum and probative value to establish the jurisdiction of the commission to consider the claim and determine the rights of the injured worker to an award. Proof may be presented by affidavit, deposition, oral testimony, written statement, document, or other forms of evidence."
This Court agrees with our sister court, the Third District, that Resolution 96-1-01 was adopted in accord with the authority granted the Industrial Commission by R.C. 4121.03(E)(1).Anders, 157 Ohio App.3d at 822. Resolution 96-1-01 dictates the specific quantum of evidence necessary to bring the matter before the Industrial Commission. As such, it is not in conflict with R.C. 4123.68(Y). Further, it does not enact a new law, it merely administers a law currently in existence. See Donnelly v.Fairview Park (1968), 13 Ohio St.2d 1, paragraph two of the syllabus. Accordingly, this Court finds that the adoption of Resolution 96-1-01 was a valid exercise of the authority granted to the Industrial Commission.
 {¶ 12} Finally, Appellant asserts that Resolution 96-1-01 is invalid because it violates the Equal Protection Clause of the Ohio Constitution. This Court disagrees.
 {¶ 13} "Workers' compensation legislation can survive constitutional scrutiny under the Equal Protection Clause if the statute at issue is `rationally related to the accomplishment of some state objective at least as important as the purpose contained in the Constitution [Section 35, Article II] and reflected in the statute." Stalker v. Industrial Comm'n, 10th Dist. No. 03AP-788, 2004-Ohio-1144, at ¶ 8. Given that this Court has found that Resolution 96-1-01 was adopted pursuant to the Commission's statutory authority, we will apply the rational basis test to the Resolution as if it were a statute.
 {¶ 14} Accordingly, Resolution 96-1-01 will be upheld unless it is "wholly irrelevant to achievement of the state's purpose."Menefee v. Queen City Metro (1990), 49 Ohio St.3d 27, 29. The long period between initial contact with asbestos and its apparent effect and the difficulty in determining that the exposure is the cause of the disease gives rise to the need for an examination by a medical specialist. Anders,157 Ohio App.3d at 822, citing Goldman v. Johns-Manville Corp. (June 30, 1986), 6th Dist. No. L-85-016. In light of this difficulty and the sheer volume of asbestosis claims, the Commission adopted Resolution 96-1-01, requiring the three items of evidence mentioned supra.Anders, 157 Ohio App.3d at 822. Given the above, this Court cannot say that the Industrial Commission lacked a rational basis for distinguishing asbestosis from other compensable diseases.
 {¶ 15} Therefore, Appellant's contentions each lack merit. Accordingly, Appellant's sole assignment of error is overruled.
 III. {¶ 16} Appellant's sole assignment of error is overruled, and the judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Slaby, P.J., Batchelder, J., concur.
[1] At the time of the adoption of the Resolution, February, 1996, the Commission's authority stemmed from R.C. 4121.03(F), which is no longer in existence. However, the same authority is now codified under R.C. 4121.03(E).