[Cite as *Brinker v. Frontier North, Inc.*, 2016-Ohio-8279.]

| | | |
|---|---|---|
| STATE OF OHIO | )<br>)ss: | IN THE COURT OF APPEALS<br>NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| JERROLD BRINKER | C.A. No.    27962 |
| Appellant | |
| v. | APPEAL FROM JUDGMENT<br>ENTERED IN THE |
| FRONTIER NORTH, INC., et al. | COURT OF COMMON PLEAS<br>COUNTY OF SUMMIT, OHIO |
| Appellees | CASE No.    CV 2014-12-5311 |

DECISION AND JOURNAL ENTRY

Dated: December 21, 2016

CARR, Presiding Judge.

{¶1}    Appellant, Jerrold Brinker, appeals the judgment of the Summit County Court of Common Pleas.  This Court affirms.

I.

{¶2}    This matter arises out of an incident that occurred while Jerrold Brinker was working for Frontier North, Inc.  Brinker experienced pain in his right shoulder while taking down a ladder and transporting it to a Frontier van.  Brinker filed a workers' compensation claim and Frontier initially certified the claim.  Brinker met with his physician and, subsequently, an MRI was performed on Brinker's shoulder.  On May 20, 2014, the Bureau of Workers' Compensation ("BWC") issued an order disallowing the claim based on the fact that there was no connection between Brinker's diagnosed condition and his occupational injury.  In denying the claim, the Administrator for BWC notified the parties that they had 14 days to appeal the order.

{¶3} On May 28, 2014, Brinker's physician attempted to appeal the order. Brinker retained counsel and did not file an appeal himself until June 13, 2014. Before the District Hearing Officer, Brinker contended that the letter filed by his physician on May 28, 2014, was sufficient to perfect his appeal. The District Hearing Officer determined that the Industrial Commission lacked jurisdiction to address the order because Brinker failed to file a timely appeal, concluding that "[t]he correspondence submitted by [the physician] on 05/28/2014 may not be construed as an appeal because it was not filed by a party to this claim." Subsequently, a Staff Hearing Officer reviewed the appeal and concurred with the decision of the District Hearing Officer. The Industrial Commission refused further review of the matter.

{¶4} Brinker appealed to the trial court and filed a complaint on November 28, 2014. Both the Administrator and Frontier North filed answers to the complaint. Thereafter, the Administrator filed a motion for summary judgment. Frontier North subsequently joined in the Administrator's motion. Brinker filed a brief in opposition to the motion, and the Administrator replied thereto. On September 1, 2015, the trial court issued a journal entry granting the motion for summary judgment and dismissing the case on the basis that Brinker failed to exhaust all of his administrative remedies prior to appealing to the trial court.[1]

{¶5} On appeal, Brinker raises three assignments of error.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT ERRED WHEN IT GRANTED APPELLEES' MOTION
FOR SUMMARY JUDGMENT AS TO JURISDICTION BECAUSE THERE IS
NO RULE, STATUTE OR ADMINISTRATIVE CODE SECTION THAT

[1] Brinker filed a motion for reconsideration of the trial court's final order issued on September 1, 2015. It is well-settled that a motion for reconsideration of a final order is a nullity and will not be considered by this Court on appeal. *LaSalle Bank Natl. Assn. v. Scolaro*, 9th Dist. Summit No. 25084, 2011-Ohio-1218, ¶ 17.

PROHIBITS APPELLANT'S PHYSICIAN FROM SUBMITTING AN APPEAL ON APPELLANT'S BEHALF AND AT HIS DIRECTION TO THE BUREAU OF WORKERS' COMPENSATION, AND THE PLAIN MEANING OF THE STATUTORY LANGUAGE PERMITS CLAIMANT AND/OR HIS REPRESENTATIVE TO FILE AN APPEAL.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED WHEN IT GRANTED APPELLEES' MOTION FOR SUMMARY JUDGMENT AS TO JURISDICTION BECAUSE THERE IS NO RULE, STATUTE OR ADMINISTRATIVE CODE SECTION THAT SPECIFICALLY REQUIRES FORM R-2 TO BE FILED BY AN INDIVIDUAL IN ORDER TO REPRESENT A CLAIMANT, AND DR. SCHNELL'S LETTER OF APPEAL WAS SUFFICIENT.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED WHEN IT GRANTED APPELLEES' MOTION FOR SUMMARY JUDGMENT AS TO JURISDICTION BECAUSE APPELLANT'S PHYSICIAN TIMELY FILED AN APPEAL ON APPELLANT'S BEHALF, ADMINISTRATIVE HEARINGS WERE HELD AND, THEREFORE, APPELLANT EXHAUSTED ALL ADMINISTRATIVE REMEDIES TO CONFER THE TRIAL COURT WITH JURISDICTION OVER THIS RIGHT TO PARTICIPATE CASE.

{¶6} In his first assignment of error, Brinker contends that the trial court erred in granting the motion for summary judgment because Brinker's physician had authority to submit a notice of appeal on his behalf. In his second assignment of error, Brinker contends that his physician was not required to submit Form R-2 in order to be Brinker's authorized representative for the purposes of filing the notice of appeal. In his final assignment of error, Brinker contends that because his physician filed a timely notice of appeal, the trial court erred in granting summary judgment on the basis that Brinker had failed to exhaust all administrative remedies prior to appealing to the trial court. This Court disagrees.

## Background

{¶7} In the motion for summary judgment, the Administrator argued that the trial court lacked jurisdiction over the matter due to the fact that Brinker failed to timely appeal the BWC

order denying his claim. The Administrator contended that because Brinker failed to file a timely appeal, he did not exhaust the administrative remedies available to him, and therefore was precluded from seeking review by the trial court under R.C. 4123.512.

{¶8} Brinker countered that the letter submitted by his physician was sufficient to perfect his appeal, and that he had exhausted all administrative remedies prior to appealing to the trial court. Brinker further argued that statutory and administrative code provisions should be construed liberally so as to effectuate the purpose of the workers' compensation system. Brinker produced numerous exhibits, including a letter sent from his physician to the Industrial Commission on May 28, 2014, eight days after the disallowance of the claim, wherein the physician requested a second review of the claim based on his opinion that "the initial decision to deny the claim was based on insufficient evidence." While the discussion of Brinker's condition appeared under the heading that read, "APPEAL," the letter was printed on the physician's professional letterhead and was signed solely by the physician. Brinker also attached a copy of Indus. Comm. Resolution R04-1-01, which sets forth standards of conduct for non-lawyers before the BWC and Industrial Commission, in support of the proposition that a non-lawyer may act as a representative as long as the non-lawyer refrains from engaging in legal advocacy and analysis. Brinker also produced an affidavit where his physician averred that Brinker had asked his physician to appeal the disallowance of the claim on Brinker's behalf. Brinker further submitted an affidavit and emails from his law firm's office manager showing that the BWC never indicated there would be a problem with the timeliness of the appeal prior to the issuance of the District Hearing Officer's decision on July 28, 2014.

{¶9} In reply, the Administrator underscored that only a "claimant or employer" may appeal a BWC order under R.C. 4123.511(B)(1) and O.A.C. 4123-3-18(A)(1). With respect to

Indus. Comm. Resolution R04-1-01, the Administrator argued that the resolution was only applicable under circumstances where third-party administrators, union representatives, and non-lawyer employees appeared before the BWC and Industrial Commission. The Administrator further attached Bureau Form R-2 and noted that the form is the mechanism by which an injured worker may designate an "Authorized Representative." Bureau Form R-2 contains instructions stating that the form must be completed in its entirety and filed with the BWC. The form also states that "[a] valid BWC Representative I.D. number is required" and sets forth contact information in order to obtain a valid Representative I.D. The Administrator concluded that because Brinker never designated his physician as his authorized representative, the letter submitted the by physician on May 28, 2014, was not a valid notice of appeal.

{¶10} In ruling on the motion for summary judgment, the trial court stated that "[t]he issue in this case is not whether or not a physician can act as an authorized representative of a claimant, rather, the issue is whether an individual can act as an authorized representative without submitting the BWC Form R-2." The trial court resolved this question in the negative, concluding that because Brinker offered no evidence that he "submitted Form R-2 to the BWC designating his physician as his authorized representative[,]" the physician was not acting as an authorized representative of Brinker when he filed the letter on May 28, 2014. As Brinker's own notice of appeal was not filed until after the 14-day window had expired, the trial court granted the motion for summary judgment and dismissed the case on the basis that Brinker failed to perfect his appeal in a timely manner, thereby failing to exhaust all administrative remedies.

## Discussion

{¶11} Pursuant to Civ.R. 56(C), summary judgment is proper if:

(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from

the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).

{¶12} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293 (1996). Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). *Id.* Once a moving party satisfies its burden of supporting its motion for summary judgment with acceptable evidence pursuant to Civ.R. 56(C), Civ.R. 56(E) provides that the non-moving party may not rest upon the mere allegations or denials of the moving party's pleadings. Rather, the non-moving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated at trial. *State ex rel. Zimmerman v. Tompkins*, 75 Ohio St.3d 447, 449 (1996).

{¶13} R.C. 4123.511(B) grants the BWC the authority to allow or deny initial claims for benefits. *State ex rel. Crabtree v. Ohio Bur. of Workers' Comp.*, 71 Ohio St.3d 504, 508 (1994). The employer and claimant have the right to appeal the BWC's order under R.C. 4123.511(B)(1). "In Ohio, it is well established that when a statute confers a right of appeal, the appeal can only be perfected in the manner prescribed by that statute." *Leeth v. Fairborn USA, Inc.*, 3d Dist. Wyandot No. 16-97-01, 1997 WL 445815, *2 (Aug. 6, 1997), citing *Griffith v. J.C. Penney Co.*, 24 Ohio St.3d 112, 113 (1986).

{¶14} The appeal of a denial of an administrator's order is governed by R.C. 4123.511(B)(1), which states, in part:

> [I]f the administrator determines under division (A) of this section that a claimant is or is not entitled to an award of compensation or benefits, the administrator

shall issue an order * * * granting or denying the payment of the compensation or benefits[.] * * * The administrator shall notify the claimant and the employer of the claimant and their respective representatives in writing of the nature of the order and the amounts of compensation and benefit payments involved. The *employer or claimant may appeal* the order pursuant to division (C) of this section within fourteen days after the date of the receipt of the order.

(Emphasis added). R.C. 4123.511(C) states that "[i]f an employer or claimant timely appeals the order of the administrator issued under division (B) of this section * * *, the commission shall refer the claim to an appropriate district hearing officer[.] * * * The district hearing officer shall notify the parties and their respective representatives of the time and place of the hearing." Under R.C. 4123.511(D), if the district hearing officer determines that the claimant is not entitled to benefits, the claimant may then appeal to a staff hearing officer. R.C. 4123.511(E) permits another appeal from the staff hearing officer's order to the commission. Under circumstances where the commission hears the appeal and issues an order, or if the commission refuses to hear the appeal, the claimant may then appeal to the trial court pursuant to R.C. 4123.512. R.C. 4123.511(E). A party must exhaust all administrative remedies prior to appealing to the trial court. "[It is] the long settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Stewart v. Allen*, 9th Dist. Wayne No. 06CA0039, 2008-Ohio-1645, ¶ 25, quoting *Jones v. Chagrin Falls*, 77 Ohio St.3d 456, 462 (1997).

{¶15} O.A.C. 4121-3-18 sets forth an administrative rule that "applies to administrative appeals filed to district hearing officers, staff hearing officers, and the commission under [R.C. 4123.511]." "Where by statutory authority an administrative agency such as the Industrial Commission promulgates rules and regulations governing its activities and procedure, such rules are valid and enforceable unless they are unreasonable or in conflict with statutory enactments covering the same subject matter." *Wright v. Leggett & Platt*, 9th Dist. Lorain No.

04CA008466, 2004-Ohio-6736, ¶ 10, quoting, *State ex rel. De Boe v. Indus. Comm.*, 161 Ohio St. 67 (1954), paragraph one of the syllabus. O.A.C. 4121-3-18(B) speaks to the filing requirements for administrative appeals and notes that appeals to the commission may be filed both electronically and in writing. O.A.C. 4121-3-18(B)(2) addresses appeals filed in writing with the commission, and states:

> * * * Written appeals should be submitted on forms made available by the commission. In lieu thereof, district hearing officers, staff hearing officers and the commission will accept a written statement from a party, signed in handwriting, as such an appeal, provided that the statement is filed within the period specified by [R.C. 4123.511] and provided that it contains the names of the injured worker and the employer, the number of the claim, the date of the decision appealed from, and the fact that the appellant appeals therefrom.
>
> (a) All such written notices of appeal shall be signed in handwriting by the party appealing or authorized representative on behalf of such party. Such notices of appeal may be filed with any office of the bureau or of the commission.
>
> (b) An appellant filing a written notice of appeal shall mail a copy of the notice of appeal to the opposing party's representative, if the opposing party is represented, or to the opposing party, if the opposing party is not represented, at the time the notice of appeal is filed with the commission and the notice of appeal shall indicate that a copy has been so mailed. An appellant filing a written notice of appeal shall certify that the appellant has mailed a copy of the notice of appeal to the opposing party.

O.A.C. 4123-3-18(A)(5), which deals with the appellate procedure for administrative appeals, notes that "[a]ppeal applications shall be signed by the party appealing or by authorized representative on behalf of such party."

{¶16} In this case, the trial court did not err in granting the Administrator's motion for summary judgment. As Brinker's appeal submitted on June 13, 2014, was filed beyond the 14-day window set forth in R.C. 4123.511(B)(1), this matter hinges on whether the May 28, 2014 letter submitted by Brinker's physician was sufficient to appeal the BWC order. R.C. 4123.511(B)(1) states that the "employer or claimant" may appeal such an order. O.A.C. 4121-3-18(B)(2) provides that written appeals should be filed on the forms made available by the

commission. While the physician's letter was not on a form provided by the commission, O.A.C. 4121-3-18(B)(2) states that a district hearing officer will still accept a written statement from a party as long as the statement includes certain mandatory information. While the physician's letter contained some information, it failed to identify the name of the employer involved in the claim as well as the date of the order appealed from, as mandated by O.A.C. 4121-3-18(B)(2). Moreover, the administrative code provides that "[a]ppeal applications shall be signed by the party appealing or by authorized representative on behalf of such party." O.A.C. 4123-3-18(A)(5). Bureau Form R-2 is the mechanism by which a claimant may designate an authorized representative. Though emails attached to Brinker's response to the motion for summary judgment suggest that Brinker's lawyer filed Form R-2 after being retained on June 12, 2014, Brinker never submitted Form R-2 designating his physician as his authorized representative for the purposes of filing an appeal.

**{¶17}** Thus, assuming without deciding that a scenario exists where a physician may serve as an authorized representative, the action taken by Brinker's physician in this case was not sufficient to perfect Brinker's appeal from the BWC order to the district hearing officer. While the physician filed a letter on May 28, 2014, the physician was never designated as Brinker's authorized representative, nor did the physician's letter include all of the information necessary to perfect an appeal. "[A] party cannot be deemed to have exhausted its administrative remedies by filing an untimely administrative appeal and having subsequent administrative appeals rejected expressly on that basis." *Cooper v. Dayton*, 120 Ohio App.3d 34, 38 (2d Dist.1997); *see also Daniel v. Williams*, 10th Dist. Franklin No. 10AP-797, 2011-Ohio-1941, ¶ 16. Accordingly, as Brinker's appeal of the BWC order was untimely, the trial court properly granted summary judgment and dismissed the case.

**{¶18}** Brinker's assignments of error are overruled.

### III.

**{¶19}** Brinker's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

MOORE, J.
HENSAL, J.
CONCUR.

APPEARANCES:

NATALIE F. GRUBB and MARK E. OWENS, Attorneys at Law, for Appellant.

BONNIE L. KRISTAN, Attorney at Law, for Appellee.

LISA A. REID, Assistant Attorney General, for Appellee.